**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**

FILED IN OPEN COURT
DATE: 12/20/2024 @ 1:48 pm
TAPE: FTR
TIME IN COURT: 7 minutes

| | |
|---|---|
| MAGISTRATE JUDGE | J. ELIZABETH McBATH |
| CASE NUMBER: | 1:24-MJ-1112-JEM |
| AUSA: | Leanne Marek |
| COURTROOM DEPUTY CLERK: | Neethu Varghese |
| DEFENDANT'S NAME: | Stephen Andrew Leedy |
| DEFENDANT'S ATTY: | Nicole Moorman |

USPO / PTR: Jamie Bowers

( ) Retained   ( ) CJA   (X) FDP   ( ) Waived

EXHIBITS [ ] Yes [ ] No

✓ ARREST DATE 12/20/2024
✓ Initial appearance hearing held.
✓ Defendant informed of rights.
___ Interpreter sworn: ___

### COUNSEL

✓ ORDER appointing Federal Defender as counsel for defendant.
___ ORDER appointing _____ as counsel for defendant.
___ ORDER: defendant to pay attorney's fees as follows: ___

### IDENTITY / PRELIMINARY HEARING

✓ Defendant ORALLY WAIVES identity hearing.   ✓ WAIVER FILED
___ Identity hearing HELD. ___ Def is named def. in indictment/complaint; held for removal to other district.
___ Defendant ORALLY WAIVES preliminary hearing in this district only.   ___ WAIVER FILED
___ Preliminary hearing HELD. ___ Probable cause found; def. held to District Court for removal to other district
✓ Commitment issued. Detention hearing to be held in charging district

### BOND/PRETRIAL DETENTION HEARING

✓ Government motion for detention filed.   @ ___
___ Pretrial hearing set for ___ @ ___   ✓ In charging district.)
___ Bond/Pretrial detention hearing held.
___ Government motion for detention ( ) GRANTED ( ) DENIED
___ Pretrial detention ordered.   ___ Written order to follow.
___ BOND set at ___   NON-SURETY   SURETY
___ cash   ___ property   ___ corporate surety ONLY
___ SPECIAL CONDITIONS: ___

___ Defendant released.
___ Bond not executed. Defendant to remain in Marshal's custody.
___ Motion ( verbal) to reduce/revoke bond filed.
___ Motion to reduce/revoke bond ___ GRANTED ___ DENIED
___ See page 2

Order

☐ Pursuant to the Due Process Protections Act, see Fed. R. Crim. P. 5 (f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady; Giglio v. United States,* 405 U.S. 150 {1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley,* 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.

**WITNESSES:**

_____
_____
_____
_____
_____
_____
_____
_____

**EXHIBITS:**

_____
_____
_____
_____
_____
_____
_____
_____