UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO.: 8:24-cr-462-KKM-NHA

STEPHEN ANDREW LEEDY

**JOINT MOTION FOR PROTECTIVE DISCOVERY ORDER**

The United States and the defendant, through counsel, stipulate and jointly move for the entry of the attached proposed protective discovery order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

**I. Background and Agreement by the Parties**

A. The defendant is charged in the indictment with three counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), and two counts of coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

B. As part of its discovery disclosure under Rule 16 and pursuant to its obligations to provide to the defense any information in the possession of the Government and required to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act (18 U.S.C. § 3500), the government will be providing defense counsel with sensitive information that could be subject to a motion for a protective order under Rule 16(d)(1), including records that disclose the name or any other information concerning a child which are confidential under 18 U.S.C. § 3509(d), records

containing personally identifiable information (PII), and other sensitive personal information (SPI).

C. To allow for full disclosure of the records, including early disclosure of Jencks Act material, while protecting the identification of a child, PII, and SPI from unnecessary additional disclosure, the parties agree that a protective discovery order is appropriate. The proposed Protective Discovery Order would permit the United States to produce records that contain identification of a child, PII, and SPI to the defense, but place reasonable restrictions on access and reproduction of the records.

D. The parties agree that the following conditions, if ordered by the Court in the Protective Discovery Order, would serve the government's interest in protecting the identification of a child, PII, and SPI, while permitting the defense to fully understand the government's evidence against the defendants and search for evidence material to preparing a defense:

1. For purposes of the Protective Discovery Order, the term "Protected Materials" includes any records identifying a child, any "personally identifiable information" (PII), and any "sensitive personal information" (SPI).

2. For purposes of the Protective Discovery Order, PII includes any information that identifies the unique identity of an individual, including but not limited to name, gender, address, telephone, email address, date of birth, maiden name, social security number, driver's license number, or biometric data.

3. For purposes of the Protective Discovery Order, SPI includes information about an individual that if lost, compromised, or disclosed could result

in substantial harm, embarrassment, inconvenience, or unfairness to the individual or others.

4. For purposes of the Protective Discovery Order, the term "Defense Team" refers to (a) defendant's counsel of record, (b) any other attorney at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (c) defense investigators who may assist defense counsel with this case, (d) any retained experts or potential experts, and (e) paralegals, legal assistants, and other support staff to defendant's counsel of record—all of whom have been advised of their obligations under the proposed Protective Discovery Order and have affirmed to defendant's counsel of record that they all agree to be bound by the terms of the proposed Protective Discovery Order. The term "Defense Team" does not include the defendants, their family members, any associates of the defendants, potential lay witnesses, or any other third parties.

5. The defendant's counsel of record agrees to advise all members of the Defense Team of their obligations under the proposed Protective Discovery Order and ensure their agreement to follow the proposed Protective Discovery Order, prior to providing members of the Defense Team with access to any Protected Materials.

6. The United States would be authorized to provide the Defense Team with copies or access to Protected Materials.

7. The Defense Team would be permitted to disclose the content of Protected Materials with the defendant but would be forbidden from sharing records

identifying a child, PII, and SPI with the defendant, and would not be permitted to leave Protected Materials with the defendants. In other words, the Defense Team may discuss the Protected Materials with the defendant but cannot share or leave Protected Materials with the defendant. Further, the Defense Team would not be permitted to share the Protected Materials in any way with third parties without permission from the Court.

8. The Defense Team would be authorized to access and use the Protected Materials for the sole purpose of preparing for trial. To the extent that notes are made that memorialize, in whole or in part, the identification of a child, PII, or SPI in the Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions would themselves become Protected Materials and would have to be handled in accordance with the Protective Discovery Order.

9. Within thirty days of the conclusion of any appellate and post-conviction proceedings, the Defense Team would be required to return the Protected Materials to the United States or certify that all Protected Materials have been destroyed.

E. The government has conferred with defense counsel, and defense counsel has conferred with the defendant regarding this joint motion and stipulation, and the proposed order thereon, and the government and defendant agree to this joint motion and the terms of the proposed Protective Discovery Order.

## II. Memorandum of Law

A. Pre-trial discovery is governed by Fed. R. Crim. P. 16.

B. "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Given the potential for dissemination of records identifying a child, PII and SPI, the parties submit that good cause exists to grant the requested relief. The requested relief would appropriately protect the records identifying a child, PII, and SPI, while facilitating and expediting defense counsel's preparation for trial.

C. The proposed Protective Discovery Order would not restrict the defendant from accessing any information the defendant is entitled to receive, and has received, in pre-trial discovery.

WHEREFORE, the parties respectfully request that the Court issue a protective discovery order.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: /s/ *Abigail K. King*
Abigail K. King
Assistant United States Attorney
Florida Bar No. 294963
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Abigail.King@usdoj.gov

**U.S. v. Stephen Andrew Leedy** **Case No. 8:24-cr-462-KKM-NHA**

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Bjorn E. Brunvard, Esq.
J.S. Lucas Fleming, Esq.
Amanda Bettker-Nicholson, Esq.

/s/ *Abigail K. King*
Abigail K. King
Assistant United States Attorney
Florida Bar No. 294963
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Abigail.King@usdoj.gov